# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROTH GRADING, INC., | |
| Plaintiff, | 8:20CV10 |
| v. | |
| MARTIN BROTHERS CONSTRUCTION, | ORDER |
| Defendant. | |

On January 8, 2020, plaintiff Roth Grading, Inc. ("Roth Grading"), a Nebraska corporation, sued (Filing No. 1) defendant Martin Brothers Construction ("Martin Brothers"), a California corporation, in this District, alleging breach of contract under state law. Martin Brothers moved (Filing No. 5) to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Before its deadline to respond to that motion, Roth Grading filed a Motion to Transfer Venue pursuant to 28 U.S.C. § 1406 and Motion for Extension of Time (Filing No. 11).

Section 1406(a) authorizes the Court to transfer a case brought "in the wrong division or district . . . to any district or division in which it could have been brought" if the Court determines the transfer is "in the interest of justice." Noting that personal jurisdiction is not required for transfer under § 1406, *see, e.g.*, *Hapaniewski v. City of Chi. Heights*, 883 F.2d 576, 579 (7th Cir. 1989) ("[P]ersonal jurisdiction over the defendant is not a prerequisite for district courts to utilize the transfer provision in § 1406(a)."), Roth Grading requests that the Court "transfer this case to the United States District Court for the Eastern District of California" where venue (and presumably personal jurisdiction) lie against Martin Brothers—whose principal place of business is purportedly in Sacramento, California.

Martin Brothers has advised the Court through counsel that it does not oppose transfer.

In light of the foregoing, the Court finds it is in the interest of justice to grant Roth Grading's unopposed transfer request. Accordingly,

IT IS ORDERED:
1. Plaintiff Roth Grading, Inc.'s Motion to Transfer Venue (Filing No. 11) is granted.
2. The Clerk of Court shall transfer this case to the United States District Court for the Eastern District of California.
3. Defendant Martin Brothers Construction's Motion to Dismiss (Filing No. 5) for lack of personal jurisdiction is denied as moot.

Dated this 13th day of February 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge