MARK S. POSARD (SBN: 208790)
I. HOOSHIE BROOMAND (SBN: 210206)
DANNY A. BARAK (SBN: 252066)
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825
Telephone:  (916) 565-2900
Facsimile:  (916) 920-4402
mposard@grsm.com
hbroomand@grsm.com
dbarak@grsm.com

AARON F. SMEALL, *Pro Hac Vice*
SMITH SLUSKY, POHREN & ROGERS, LLP
8712 W. Dodge Road, Suite 400
Omaha, Nebraska 68114
Telephone:  (402) 392-0101
asmeall@smithslusky.com

Attorneys for Plaintiff
ROTH GRADING, INC. dba IMPACT ROLLER TECHNOLOGY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROTH GRADING, INC. dba IMPACT ROLLER TECHNOLOGY,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN BROTHERS CONSTRUCTION, a California Corporation,<br><br>Defendant. | CASE NO. 2:20-cv-00336-KJM-CKD<br><br>**FIRST AMENDED COMPLAINT** |

COMES NOW the Plaintiff, Roth Grading, Inc., d/b/a Impact Roller Technology ("IRT"), and for its Amended Complaint states and alleges as follows:

**JURISDICTION**

1.    As set forth more fully below, Plaintiff asserts this Court has jurisdiction over the parties hereto and the subject matter hereof in that there is diversity of citizenship between the parties and the amount in controversy exceeds the minimum jurisdictional limit.

/ / /

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

**PARTIES**

2.     Plaintiff IRT is a corporation incorporated under the laws of the state of Nebraska, and has its principal place of business in Bellevue, Nebraska.

3.     Defendant Martin Brother Construction ("Martin Brother") is a corporation incorporated under the laws of the State of California, and has its principal place of business in Sacramento, California.

**GENERAL ALLEGATIONS**

4.     The principal product sold by IRT is a patented item of heavy construction equipment called the "Impactor," which employs a large rotating drum to break concrete, perform soil compaction, and similar task which is a widely used and proven technology in the mining and construction industry.

5.     On Friday, July 29, 2016, IRT received information requested through its website from Filipe Martin ("Martin"), President of Martin Brothers.

6.     On Monday August 1, 2016, Martin spoke by telephone with Scott Roth ("Roth"), President of IRT. Martin advised Roth that Martin was interested in purchasing an Impactor, but wanted to make sure that it could be on site for a major project by Wednesday, August 17, 2016. Roth assured Martin that a model 3000h Impactor was available and could be delivered.

7.     Roth and Martin discussed having a price quote emailed to Martin Brothers. A quote for $143,400.00 was emailed that same day which comprised a discounted purchase price of $138,600.00 plus $4,800.00 for shipping from the IRT facility in Plattsmouth, Nebraska to Sacramento, California.

8.     In a subsequent conversation, Martin advised Roth that he wanted to get a freight price from his own trucking company to see if he could save on the $4,800.00 shipping price quoted.

9.     Roth then received a call from Greg Aguilera ("Aguilera"), equipment manager for Martin Brothers, who asked for shipping specs. In a subsequent call, Aguilera advised that Martin Brothers could save $1,000.00 in shipping with their own trucking company. The parties then agreed that IRT would ship the Impactor but would discount the shipping cost by $1,000.00.

-2-

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA  95825

9. Aguilera and Roth also discussed Martin Brothers obtaining a John Deere tractor, which is used to pull the Impactor. In a subsequent call, Aguilera indicated that he had found a tractor that could be rented for $2,500.00 per month and advised that he was happy with that price. Aguilera also advised that Martin Brothers had an equipment leasing company that might be able to rent out the Impactor to other parties in the future.

10. On August 5, 2016, a document titled "Contract Purchase Order" signed by Roth, and reflecting the $1,000.00 shipping discount, was emailed to Martin Brothers.

11. Roth subsequently received a phone call from Martin Brothers project engineer Peter Molinelli ("Molinelli"), who advised that Martin Brothers was signing the purchase contract, and that he wanted to know if it could be emailed back to the same email address that was used to send it. Roth advised Molinelli that emailing the signed purchase contract back to the same email address would be fine and thanked him for the business.

12. On Tuesday, August 9, 2016, Molinelli emailed back the purchase contract, signed by Martin as President of Martin Brothers. The email stated, "Scott, See attached signed purchase order for the Impactor 3000h. Let me know if you need anything else. Thank you. Peter Molinelli."

13. Attached to the August 9, 2016 email was the IRT Contract Purchase Order signed by both parties, a true and correct copy of which is attached hereto as Exhibit "A," and which is incorporated herein by reference.

14. Also as part of the .pdf file attached to the August 9, 2016 email, below the signed purchase contract, was an unsigned and untitled document, a true and correct copy which is attached hereto as Exhibit "B," and which is incorporated herein by reference.

15. The August 9, 2016 email from Martin Brothers made no reference to the document that appeared beneath the signed purchase contract.

16. While IRT was making preparations to ship the Impactor, Roth received a phone call from Felipe Martin on August 16, 2016 in which he stated that Martin Brothers no longer wanted an Impactor, citing some difficulties with their current project. Roth advised Martin that they already had a signed contract.

-3-

FIRST AMENDED COMPLAINT

Case No. 2:20-cv-00336-KJM-CKD

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

17. Roth subsequently sent an email to Martin on August 22, 2016 expressing concern that Martin Brothers was refusing to take delivery and advising that IRT would consider such refusal a breach of the parties' contract.

18. Martin responded by email the next day, claiming (incorrectly) that they never received a copy of the purchase order executed by Roth, and stating that pursuant to their prior conversation, they had "cancelled the order."

19. A few hours later, Martin sent another email, stating that although he did now see that Roth had signed the purchase order there was a provision in the unsigned Martin Brothers document appended to the .pdf file with the signed contract that allowed Martin Brothers to "terminate" the purchase because the Impactor had never been shipped.

20. After Roth advised by email that IRT never agreed to any cancellation and would consider that a breach of contract, Martin Brothers sent Roth a letter from its in-house counsel advising that Martin Brothers was indeed refusing to take delivery, and maintaining that Martin Brothers was permitted to do so pursuant to the terms of the parties' agreement.

21. Both IRT and Martin Brothers are merchants with regard to the purchase and sale of construction equipment within the meaning of the Uniform Commercial Code.

22. By refusing to pay for and take delivery of the Impactor pursuant to the purchase contract, Martin Brothers has breached and/or has anticipatorily breached its contract with IRT.

23. IRT at all times has fully performed its contractual obligations, including having an Impactor model 3000h available for shipping to Martin Brothers.

24. As a proximate result of Martin Brothers' breach of its contract with IRT, IRT has incurred damages.

25. Because of Defendant's breach, Plaintiff is entitled to damages, including all profit IRT would have made on the sale as a lost-volume seller pursuant to UCC § 2-708(2) based upon the contract price (excluding shipping) of $138,600.00;

26. Plaintiff's contract damages based on the final purchase price are $88,600.00 and Plaintiff is further entitled to any and all incidental and/or other damages resulting from the breach to the extent allowable under the Uniform Commercial Code.

-4-

27.    Plaintiff is additionally entitled to costs, prejudgment interest, and such other or further relief as is allowed by law.

WHEREFORE, IRT prays for judgment against Martin Brothers for all damages caused by Martin Brothers' breach of the parties' contract, including lost profit and all incidental and consequential damages resulting therefrom, for costs, for prejudgment interest, and for such other and further relief as the Court deems just in the premises.

Dated: June 2, 2020                GORDON REES SCULLY MANSUKHANI, LLP

By:    */s/ I. Hooshie Broomand*
Mark S. Posard
I. Hooshie Broomand
Danny A. Barak
Attorneys for Plaintiff ROTH
GRADING, INC. dba IMPACT
ROLLER TECHNOLOGY

Dated: June 2, 2020                SMITH SLUSKY, POHREN & ROGERS, LLP

By:    */s/ Aaron F. Smeall (as authorized on June 2, 2020)*
Aaron F. Smeall, PHV
8712 W. Dodge Road, Suite 400
Omaha, Nebraska 68114
Attorneys for Plaintiff ROTH
GRADING, INC. dba IMPACT
ROLLER TECHNOLOGY

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA  95825

-5-